1  **Kevin R. Martin, SBN 176853**
   kmartin@randicklaw.com
2  **Patrick E. Guevara, SBN 202727**
   pguevara@randicklaw.com
3  **RANDICK O'DEA & TOOLIATOS, LLP**
   5000 Hopyard Road, Suite 400
4  Pleasanton, California   94588
   Telephone:      (925) 460-3700
5  Facsimile:      (925) 460-0969

6  Attorneys for Defendant and Counterclaimant BELLO PARADISO, LLC

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10                  **SACRAMENTO OFFICE**

11

12  PANDORA JEWELRY, LLC              Case No.: 2:08-CV-03108-LKK-DAD

13                Plaintiff,          **ANSWER AND COUNTERCLAIM OF
                                      BELLO PARADISO, LLC TO COMPLAINT
14      vs.                          OF PANDORA JEWELRY, LLC**

15  BELLO PARADISO, LLC

16                Defendant.

17  ─────────────────────────         JURY TRIAL DEMANDED

18  BELLO PARADISO, LLC

19                Counterclaimant,

20      vs.

21  PANDORA JEWELRY, LLC and
    PANDORA JEWELRY A/S
22
                  Counterdefendants.
23

24

25

26

27

28                                                                    1

# ANSWER

Defendant and Counterclaimant BELLO PARADISO, LLC ("Defendant" or "Bello Paradiso"), through its undersigned counsel, answers the Complaint for Trademark Infringement, Copyright Infringement, and Unfair Competition ("Complaint") filed by Plaintiff and Counterdefendant PANDORA JEWELRY, LLC ("Plaintiff") as follows:

## NATURE OF ACTION

1.       Defendant admits that this is an action under the theories and laws identified in Paragraph 1 of the Complaint but denies that Plaintiff's theories and allegations are valid. Defendant admits that it uses the term PANDORA to refer to the resale of Plaintiff's PANDORA jewelry.  Defendant denies all remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.       Defendant admits that the United States District Court has jurisdiction over the subject matter of this action.  Defendant denies all remaining allegations in Paragraph 2.

3.       Defendant admits that the United States District Court has supplemental jurisdiction over this action.  Defendant denies all remaining allegations in Paragraph 3.

4.       Defendant admits that venue for this action is proper in the Eastern District of California.

## THE PARTIES

5.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies these allegations.

6.       Defendant admits that it is a California limited liability company and that it does business in the United States and in the Eastern District of California.  Defendant denies all remaining allegations in Paragraph 6

7.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies these allegations.

8.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies these allegations.

2

ANSWER AND COUNTERCLAIM OF BELLO PARADISO, LLC
TO COMPLAINT OF PANDORA JEWELRY, LLC
CASE NO.: 2:08-CV-03108-LKK-DAD
189871_7

**FACTS**

9.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies these allegations.

10.        Defendant admits that Plaintiff has attached what Plaintiff purports to be a copy of the U.S. Trademark Registration for PANDORA JEWELRY (No. 3,065,374) but denies that the certificate of registration is valid or in full force or effect.

11.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies these allegations.

12.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies these allegations.

13.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies these allegations.

14.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies these allegations.

15.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies these allegations.

16.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies these allegations.

17.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies these allegations.

18.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies these allegations.

19.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies these allegations.

20.        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies these allegations.

21.        Defendant is without knowledge or information sufficient to form a belief as

3

1  to the truth of the allegations in Paragraph 21 and therefore denies these allegations.

2      22.      Defendant is without knowledge or information sufficient to form a belief as

3  to the truth of the allegations in Paragraph 22 and therefore denies these allegations.

4                          **DEFENDANT'S ACTS**

5      23.      Defendant admits that it offers for resale Plaintiff's PANDORA jewelry.

6  Defendant is without knowledge or information sufficient to form a belief as to the truth of the

7  remaining allegations in Paragraph 23 and therefore denies these allegations.

8      24.      Defendant denies all allegations in Paragraph 24.

9      25.      Defendant denies all allegations in Paragraph 25.

10     26.      Defendant is without knowledge or information sufficient to form a belief as

11  to the truth of the allegations in Paragraph 26 and therefore denies these allegations.

12     27.      Defendant denies all allegations in Paragraph 27.

13     28.      Defendant admits that it received a demand from Plaintiff to cease and desist

14  all uses of the mark PANDORA JEWELRY and that it refused to cease use of the mark for the

15  resale of Plaintiff's PANDORA jewelry.   Defendant denies all other allegations in Paragraph

16  28.

17     29.      Defendant denies all allegations in Paragraph 29.

18     30.      Defendant denies all allegations in Paragraph 30.

19     31.      Defendant denies all allegations in Paragraph 31.

20     32.      Defendant admits that it is offering for resale and is reselling Plaintiff's

21  PANDORA jewelry.  Defendant denies all other allegations in Paragraph 32.

22                      **FIRST CLAIM FOR RELIEF**

23                      **Trademark Infringement**

24     33.      Defendant repeats and realleges each and every response made to Paragraphs

25  1 through 32 with the same force and effect as if fully set forth herein.

26     34.      Defendant admits that it uses the term PANDORA for the resale of Plaintiff's

27  PANDORA jewelry.  Defendant denies all other allegations in Paragraph 34.

28

4

ANSWER AND COUNTERCLAIM OF BELLO PARADISO, LLC
TO COMPLAINT OF PANDORA JEWELRY, LLC
CASE NO.: 2:08-CV-03108-LKK-DAD
189871_7

1    35.    Defendant denies all allegations in Paragraph 35.

2    36.    Defendant denies all allegations in Paragraph 36.

3                    **SECOND CLAIM FOR RELIEF**

4        **Federal Unfair Competition and False Designation of Origin**

5    37.    Defendant repeats and realleges each and every response made to Paragraphs

6    1 through 36 with the same force and effect as if fully set forth herein.

7    38.    Defendant admits that its use of the term PANDORA for the resale of

8    Plaintiff's PANDORA jewelry conveys the impression to the public that Defendant is reselling

9    Plaintiff's PANDORA jewelry.  Defendant denies all other allegations in Paragraph 38.

10    39.    Defendant denies all allegations in Paragraph 39.

11    40.    Defendant is without knowledge or information sufficient to form a belief as

12    to the truth of the allegations in Paragraph 40 and therefore denies these allegations.

13    41.    Defendant denies all allegations in Paragraph 41.

14    42.    Defendant denies all allegations in Paragraph 42.

15    43.    Defendant denies all allegations in Paragraph 43.

16                    **THIRD CLAIM FOR RELIEF**

17                **California Unfair Competition**

18    44.    Defendant repeats and realleges each and every response made to Paragraphs

19    1 through 43 with the same force and effect as if fully set forth herein.

20    45.    Defendant denies all allegations in Paragraph 45.

21    46.    Defendant denies all allegations in Paragraph 46.

22    47.    Defendant denies all allegations in Paragraph 47.

23                    **FOURTH CLAIM FOR RELIEF**

24    **Common Law Trademark Infringement and Unfair Competition**

25    48.    Defendant repeats and realleges each and every response made to Paragraphs

26    1 through 47 with the same force and effect as if fully set forth herein.

27    49.    Defendant denies all allegations in Paragraph 49.

28

5

1    50.      Defendant denies all allegations in Paragraph 50.

2    51.      Defendant denies all allegations in Paragraph 51.

3                         **FIFTH CLAIM FOR RELIEF**

4                         **Copyright Infringement**

5    52.      Defendant repeats and realleges each and every response made to Paragraphs

6    1 through 51 with the same force and effect as if fully set forth herein.

7    53.      Defendant is without knowledge or information sufficient to form a belief as

8    to the truth of the allegations in Paragraph 53 and therefore denies these allegations.

9    54.      Defendant is without knowledge or information sufficient to form a belief as

10   to the truth of the allegations in Paragraph 54 and therefore denies these allegations.

11   55.      Defendant is without knowledge or information sufficient to form a belief as

12   to the truth of the allegations in Paragraph 55 and therefore denies these allegations.

13   56.      Defendant denies all allegations in Paragraph 56.

14   57.      Defendants admits it has profited from the resale of Plaintiff's jewelry.

15   Defendant denies all other allegations in Paragraph 57.

16   58.      Defendant denies all allegations in Paragraph 58.

17   59.      Defendant denies all allegations in Paragraph 59.

18   60.      Defendant denies all allegations in Paragraph 60.

19   61.      Defendant denies all allegations in Paragraph 61.

20   62.      Defendant denies all allegations in Paragraph 62.

21                         **PRAYER FOR RELIEF**

22   63.      Defendant denies that Plaintiff is entitled to any of the relief requested in its

23   prayer for relief or any relief whatsoever.

24                         **JURY DEMAND**

25   64.      Defendant requests a trial by jury on all issues so triable in this action.

26   / / /

27   / / /

28
                                                                               6

ANSWER AND COUNTERCLAIM OF BELLO PARADISO, LLC
TO COMPLAINT OF PANDORA JEWELRY, LLC
CASE NO.: 2:08-CV-03108-LKK-DAD
189871_7

1

**AFFIRMATIVE DEFENSES**

2

**First Affirmative Defense**

3
    65.        The Complaint fails to state a claim upon which relief may be granted.

4

**Second Affirmative Defense**

5
    66.        Defendant has not infringed and is not infringing upon any valid trademark of

6
Plaintiff.

7

**Third Affirmative Defense**

8
    67.        Defendant has not infringed and is not infringing upon any valid copyright of

9
Plaintiff.

10

**Fourth Affirmative Defense**

11
    68.        Plaintiff's claims are barred by the First Amendment of the United States

12
Constitution.

13

**Fifth Affirmative Defense**

14
    69.        Plaintiff's claims are barred by the "Exhaustion" or "First Sale" Doctrine.

15

**Sixth Affirmative Defense**

16
    70.        Plaintiff's claims are barred by the "Fair Use" Doctrine.

17

**Seventh Affirmative Defense**

18
    71.        Plaintiff does not own any rights in the mark in U.S. Trademark Registration

19
3,065,374 (PANDORA JEWELRY for jewelry) because Plaintiff abandoned that mark it

20
purportedly registered.

21

**Eighth Affirmative Defense**

22
    72.        Plaintiff's claims are barred because the term PANDORA is or has become

23
generic.

24

**Ninth Affirmative Defense**

25
    73.        The works allegedly infringed by Defendant lack sufficient originality for

26
protection under United States copyright law.

27
/ / /

28

7

**Tenth Affirmative Defense**

74.     Plaintiff's claims are barred by the equitable doctrine of Laches.

**Eleventh Affirmative Defense**

75.     Plaintiff's claims are barred by the equitable doctrine of Acquiescence.

**Twelfth Affirmative Defense**

76.     Plaintiff's claims are barred by the equitable doctrine of Estoppel.

**Thirteenth Affirmative Defense**

77.     Plaintiff's claims are barred by the equitable doctrine of Unclean Hands.

**Fourteenth Affirmative Defense**

78.     Plaintiff's claims are barred by its misuse of trademarks in violation of federal and state anti-trust laws.

**Fifteenth Affirmative Defense**

79.     Plaintiff's claims are barred because it failed to mitigate its alleged damages.

**<u>COUNTERCLAIM</u>**

Defendant and Counterclaimant BELLO PARADISO, LLC ("Bello Paradiso"), through its undersigned counsel, brings the following counterclaims against Plaintiff and Counter Defendant PANDORA JEWELRY, LLC, a limited liability company existing under the Laws of the State of Maryland, ("Pandora US") and Counterdefendant PANDORA JEWELRY A/S, a company existing under the laws of Denmark, ("Pandora Denmark") as follows:

**NATURE OF ACTION**

1.     Bello Paradiso brings these counterclaims against Pandora US and Pandora Denmark (collectively, the "Pandora Parties") for unlawful monopolization, unlawful restraint of trade, unfair competition, and declaratory relief.

2.     Bello Paradiso brings counterclaims under the antitrust laws of the United States and of the State of California to challenge the monopoly and illegal resale price

8

1    maintenance scheme orchestrated by Pandora US and Pandora Denmark implemented through

2    combinations or agreements with others.

3         3.        The purpose of the Pandora Parties' scheme was to unlawfully stabilize and

4    artificially raise retail prices and retail price levels and to reduce retail price competition for

5    PANDORA jewelry.

6         4.        The Pandora Parties stabilized the retail price of PANDORA jewelry and

7    insured that the products were sold at artificially inflated price through their "price updates"

8    policy.  Under the Pandora Parties' pricing policy, PANDORA jewelry retailers had to agree

9    with the Pandora Parties not to sell PANDORA jewelry below the Pandora Parties' dictated price

10   as well as to agree not to sell PANDORA jewelry to or through online auction websites such as

11   eBay.com.

12        5.        As a result of the above anticompetitive practices, PANDORA jewelry

13   retailers and consumers were denied the benefits of unrestrained price competition on

14   PANDORA jewelry, and PANDORA jewelry prices to consumers were raised above their

15   competitive levels.

16        6.        Bello Paradiso further brings counterclaims based on the Pandora Parties'

17   misuse of the PANDORA mark to harass Bello Paradiso in furtherance of the Pandora Parties'

18   unlawful restraint of trade and their unlawful monopolization.

19        7.        Further, Bello Paradiso seeks a declaration that Pandora US abandoned the

20   mark in U.S. Trademark Registration Number 3,065,374; therefore, that registration must be

21   cancelled.

22                           **JURISDICTION AND VENUE**

23        8.        This Court has subject matter jurisdiction over these counterclaims under Title

24   28, Sections 1331, 1338(a), 2201, and 2202 of the United States Code, the Federal Trademark

25   Act (15 U.S.C. §§ 1051 *et seq.*), the Clayton Act (15 U.S.C. §§ 15 and 26) and Federal Rules of

26   Civil Procedure 13, 18, 19 and 20.

27        9.        This Court has supplemental jurisdiction over Bello Paradiso's California

28

ANSWER AND COUNTERCLAIM OF BELLO PARADISO, LLC
TO COMPLAINT OF PANDORA JEWELRY, LLC
CASE NO.: 2:08-CV-03108-LKK-DAD
189871_7

1   anti-trust and unfair competition claims under Title 28, Sections 1338(b) and 1367(a) of the

2   United States Code.

3       10.      This Court has personal jurisdiction over Pandora US on the basis that it

4   initiated and voluntarily appeared in this action.

5       11.      This Court has personal jurisdiction over Pandora Denmark as it purposefully

6   availed itself to the benefits and privileges of the State of California.  On information and belief,

7   Pandora Denmark engaged in the following acts: (1) contracting with Pandora US to be the

8   exclusive distributor of PANDORA jewelry throughout the United States and California; and (2)

9   conspiring with Pandora US to form an unlawful monopoly, to commit the unlawful restraints on

10  trade, and to engage in the unfair competition counterclaimed herein.

11      12.      Venue for this action is proper in the Eastern District of California under Title

12  28, Section 1391(b) of the United States Code.

13  **PARTIES**

14      13.      Counterclaimant Bello Paradiso is a California limited liability company

15  headquartered in Stockton, California.  It is in the business of reselling through the World Wide

16  Web the Pandora Parties' customizable charm bracelets, necklaces, and related interchangeable

17  parts, such as bangles, beads, clips, and clasps.

18      14.      Counterdefendant Pandora US is a Maryland limited liability company and,

19  on information and belief, is the exclusive distributor of PANDORA jewelry in the United States

20  pursuant to a licensing and distribution agreement with Pandora Denmark.  Pandora US claims

21  exclusive ownership in U.S. Patent and Trademark Office ("USPTO") trademark application

22  Serial Number 77/251,512 for the PANDORA word and design, USPTO registration number

23  3,065,374 for the PANDORA JEWELRY word, and US Patent 5,007,507 for "Necklaces and

24  Bracelets with Keepers."

25      15.      On information and belief, Counterdefendant Pandora Denmark is a business

26  entity formed and existing under the laws of Denmark.  On information and belief, Pandora

27  Denmark owns and has registered the mark PANDORA in jurisdictions outside the United

28

10

1   States, including Denmark, Germany, and the European Union.  Pandora Denmark owns the

2   domain name <pandora-jewelry.com> and operates a web site from this domain name

3   advertising its PANDORA jewelry to various markets worldwide, including the United States.

4   On information and belief, Pandora Denmark is the parent company and majority member of

5   Pandora US.

6                                **CO-CONSPIRATORS**

7            16.        Various other companies, associations, and individuals not made

8   counterdefendants herein participated with Pandora US and Pandora Denmark as co-conspirators

9   in the offenses more fully alleged below and performed acts and made statements in furtherance

10  of these offenses.    Among such co-conspirators are Michael L. Petersen AKA Michael Lund,

11  CEO and Manager of Pandora US,  Jody Christian, Marketing Director of Pandora US,  Per

12  Enevoldsen, founder of Pandora Denmark, and the various resellers that Pandora US identified in

13  its Complaint as "Authorized Retailers."   Counterclaimant Bello Paradiso is presently ignorant

14  of the true names of the "Authorized Retailers" and shall amend its counterclaim to allege these

15  co-conspirators' true names when ascertained.

16                              **TRADE AND COMMERCE**

17           17.        PANDORA jewelry are high quality, customizable charm bracelets and

18  necklaces decorated with handmade beads, designs of which originated in Denmark.  While

19  PANDORA jewelry competes worldwide in the high quality customizable charm bracelet and

20  beads market with TROLLBEADS jewelry, another Danish brand, and CHAMILIA jewelry, a

21  United States brand, PANDORA jewelry is the dominant brand of customizable charm bracelets,

22  necklaces, and related interchangeable parts (the "Product") in the United States.

23           18.        On information and belief, the Pandora Parties have at least a 70% share of

24  the entire United States market for the Product.

25           19.        According to the Pandora Parties' Press Release dated March 10, 2008,

26  Pandora Denmark generates worldwide annual revenue of 1.1 billion Danish Kroner, which is

27  approximately US $190,000,000.00.

28

11

20.     On information and belief, Pandora Denmark designated Pandora US to be the sole and exclusive wholesale distributor of PANDORA jewelry in the United States beginning in 2003.  On information and belief, all profits generated by the wholesale distribution of PANDORA jewelry in the United States flow to Pandora Denmark.

21.     On information and belief, the Pandora Parties have generated annual retail sales of PANDORA jewelry in the United States of approximately US$100,000,000.00 for 2007 and 2008.  The Pandora Parties sell, market, and promote PANDORA jewelry to consumers throughout the United States, through a website located at http://pandora-jewelry.com/US.aspx and an "authorized" retailer network.

22.     The Pandora Parties' jewelry are transported across state lines and are sold throughout California.

23.     The commercial activities of the Pandora Parties and their co-conspirators are in the regular, continuous and substantial flow of interstate commerce and have had, and do have, a substantial effect upon interstate commerce.

### ANTICOMPETITIVE CONDUCT

24.     The Pandora Parties intended to monopolize, have attempted to monopolize and have monopolized the United States market for the Product.

25.     The Pandora Parties price fixing scheme arose from PANDORA jewelry retailers vigorously competing with one another on the Internet and in off-line retail stores throughout the United States.

26.     As early as 2005, online retailers started to sell PANDORA jewelry at discount prices.  The ability of retailers and consumers to compare prices on the Internet led to price competition among PANDORA jewelry retailers resulting in lower prices for consumers.

27.     On information and belief, Pandora US received complaints from its retailer customers about the price discounting on the Internet, and as a result, Pandora US instituted a minimum resale price maintenance policy throughout the United States on or around 2006 (the "RPM Policy").  The RPM Policy instituted by Pandora US forbade retailers, including those

12

1   online, from selling PANDORA jewelry below the retail prices dictated by Pandora US.

2       28.      On information and belief, Pandora Denmark directed, cooperated,

3   contributed, conspired and acted in concert with Pandora US to formulate and implement the

4   RPM Policy in the United States.

5       29.      On information and belief, Pandora US threatened to terminate its supply of

6   PANDORA jewelry products to retailers that sold PANDORA jewelry below the retail prices

7   dictated by Pandora US.  Those retailers that disagreed with the RPM Policy were coerced by the

8   threat and explicitly agreed with Pandora US to charge the minimum resale prices dictated by

9   Pandora US.

10      30.      On or around November 2006, Pandora US sought and sent written

11  agreements to PANDORA jewelry retailers to enforce its RPM Policy.   Most retailers signed the

12  agreement and explicitly agreed to resell PANDORA jewelry pursuant to the minimum resale

13  prices dictated by Pandora US.

14      31.      The Pandora Parties' RPM Policy effectively controlled the prices at which

15  retailers could advertise and sell PANDORA jewelry through agreements and thereby effectively

16  controlled the resale prices of PANDORA jewelry retailers.

17      32.      The Pandora Parties' RPM Policy achieved their desired results in two ways:

18  (1) PANDORA jewelry resale prices were stabilized and then raised uniformly across all

19  retailers; and (2) all PANDORA jewelry retailers, both on- and off-line, were able to maintain

20  higher resale prices.   As a result of both effects, consumers paid higher prices for PANDORA

21  jewelry than they would have paid absent the Pandora Parties' anticompetitive practices, and

22  efficient, low-overhead online PANDORA jewelry retailers were unable to pass on the overhead

23  savings to customers.

24      33.      The Pandora Parties' RPM Policy hindered retailers from selling PANDORA

25  jewelry at their discretion.

26      34.      In addition to the RPM Policy, Pandora US forbade its retailers from selling

27  brands competing with PANDORA such as TROLLBEADS and CHAMILIA.

28

13

35.        On information and belief, Michael Lund Petersen, Manager of Pandora US, implemented a policy to coerce, by the threat of withholding supply of PANDORA jewelry, to force all retailers that sell PANDORA and TROLLBEADS jewelry to drop TROLLBEADS.

36.        On information and belief, the Pandora Parties have instituted a baseless patent infringement action before the United States District Court for the District of Maryland against CHAMILIA jewelry to disrupt its business activities and restrain it from fairly competing with PANDORA jewelry.

37.        On information and belief, Michael Lund Petersen created and implemented a strategy to create a "Pandora Universe" in the United States where customers are limited in their choices for charm bracelets, beads, and accessories to PANDORA only and at the resale price dictated by Pandora US.

**HARRASSMENT OF BELLO PARADISO**

38.        Bello Paradiso is an independent online reseller of PANDORA jewelry and operates its e-commerce website at: http://www.belloparadiso.com.

39.        Bello Paradiso does not operate any off-line retail store locations.

40.        Bello Paradiso does not have a retailer agreement or arrangement with Pandora US and has not agreed to resell PANDORA jewelry at the minimum resale prices dictated by Pandora US.

41.        On a letter dated April 1, 2008, Michael Lund, CEO and Manager of Pandora US, acknowledged in writing that Bello Paradiso "is free" to resell PANDORA jewelry.

42.        Bello Paradiso sells PANDORA jewelry with a 10% discount.

43.        On information and belief, the Pandora Parties received complaints from its customer retailers about Bello Paradiso's discounted online resale of PANDORA jewelry.

44.        In response to their retailer customers' complaints and in furtherance of their anticompetitive RPM Policy, the Pandora Parties began a pattern of harassment to drive Bello Paradiso out of business.

45.        On or around June 2008, Pandora US, through its counsel of record, sent

14

1  "cease and desist" letters to Bello Paradiso demanding it to immediately cease reselling

2  PANDORA jewelry and to sell its entire inventory of PANDORA jewelry to Pandora US at

3  wholesale prices.

4  **INJURY TO CONSUMERS, RETAILERS, AND COMPETITION**

5  46.  As a result of monopolistic and anticompetitive practices by the Pandora

6  Parties, retail prices for PANDORA jewelry and beads increased and were maintained at higher

7  prices.

8  47.  The Pandora Parties RPM Policy stabilized and raised the retail prices or price

9  levels and eliminated price competition among PANDORA jewelry retailers.

10  48.  The Pandora Parties intended to and did reduce intra-brand competition by

11  coercing and threatening its retailers to carry only PANDORA-branded customizable charm

12  bracelets and by instituting harassing lawsuits against its competitors.

13  49.  The Pandora Parties' acts and practices, undertaken in conjunction with those

14  of their co-conspirators, had the purpose and effect, or the tendency or capacity, to unreasonably

15  restrain trade and to injure competition within and throughout the United States, by:

16  (a)  Establishing an unreasonable resale price maintenance scheme that restricted

17  independent retailer pricing of PANDORA jewelry and that deprived consumers the

18  benefits of a reasonable competitive market;

19  (b)  Raising and/or maintaining the prices or price levels that consumers paid for

20  PANDORA jewelry above their reasonably competitive levels;

21  (c)  Coercing retailers to sell PANDORA jewelry at uncompetitive prices that the

22  retailers, most notably those selling online, would not otherwise have set in exercising

23  their independent business judgment;

24  (d)  Facilitating horizontal agreements among on- and off-line retailers of PANDORA

25  jewelry to sell the products with the same uniform resale prices;

26  (e)  Coordinating efforts by "authorized" PANDORA jewelry retailers to stop

27  discounting by their competitors; and

28

15

(f)     Coordinating the unlawful harassment of independent resellers of PANDORA jewelry, including Bello Paradiso.

### FIRST COUNTERCLAIM FOR RELIEF

### Monopolization in Violation of Section 2 of the Sherman Act

### (Against All Counterdefendants)

50.     Counterclaimant incorporates and, by this reference, realleges as if set forth at length each and every allegation in Paragraphs 1 through the preceding paragraph of this Counterclaim.

51.     The Pandora Parties possess monopoly power for customizable charm bracelets, necklaces, and related interchangeable beads and other parts in the geographic region of the United States.

52.     The Pandora Parties possess monopoly power for customizable charm bracelets, necklaces, and related interchangeable beads and other parts sold exclusively on the Internet to customers residing in the United States.

53.     The Pandora Parties have acquired and maintained monopoly power by engaging in exclusionary conduct.

54.     The Pandora Parties' acquisition and maintenance of monopoly power has actually and proximately caused antitrust injuries to Bello Paradiso, to competitors such as TROLLBEADS jewelry and CHAMILIA jewelry, to Product resellers, and ultimately to consumers.

### SECOND COUNTERCLAIM FOR RELIEF

### Attempted Monopolization in Violation of Section 2 of the Sherman Act

### (Against All Counterdefendants)

55.     Counterclaimant incorporates and, by this reference, realleges as if set forth at length each and every allegation in Paragraphs 1 through the preceding paragraph of this Counterclaim.

56.     The Pandora Parties intended to control the prices of and destroy competition

16

1  for the Product.

2      57.      The Pandora Parties predatory and anticompetitive conduct were directed at

3  accomplishing its goals to artificially control prices of and destroy competition for the Product.

4      58.      The Pandora Parties' attempted acquisition and maintenance of monopoly

5  power has actually and proximately caused antitrust injuries to Bello Paradiso, to competitors

6  such as TROLLBEADS jewelry and CHAMILIA jewelry, to Product resellers, and ultimately to

7  consumers.

8                      **THIRD COUNTERCLAIM FOR RELIEF**

9          **Restraint of Trade in Violation of Section 1 of the Sherman Act**

10                      **(Against All Counterdefendants)**

11      59.      Counterclaimant incorporates and, by this reference, realleges as if set forth at

12  length each and every allegation in Paragraphs 1 through the preceding paragraph of this

13  Counterclaim.

14      60.      Since as early as 2003, Pandora Jewelry, LLC, Pandora Jewelry A/S, and their

15  co-conspirators have engaged in continuing unlawful contracts, combinations or conspiracies,

16  including fixing minimum resale prices of PANDORA jewelry, unreasonably restraining

17  interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

18      61.      The Pandora Parties' anticompetitive conduct occurred in and affected

19  interstate and foreign commerce.

20      62.      The purpose and effect of the Pandora Parties' conduct was to restrain

21  competition;

22      63.      The anticompetitive effect of the restrains outweighed any beneficial effect on

23  competition;

24      64.      Counterclaimant Bello Paradiso was damaged and continues to be damaged

25  and the proximate and actual cause of these damages was the Pandora Parties' anticompetitive

26  conduct and harassment alleged in this Counterclaim.

27      65.      The aforementioned acts of the Pandora Parties are continuing and, unless and

28

17

1    until restrained by order of this Court, will cause great and irreparable harm to Counterclaimant

2    Bello Paradiso.

3                   **FOURTH COUNTERCLAIM FOR RELIEF**

4                          **Restraint of Trade**

5      **in Violation of California Business and Professions Code Section 16700 *et seq.***

6                  **(Against All Counterdefendants)**

7         66.        Counterclaimant incorporates and, by this reference, realleges as if set forth at

8    length each and every allegation in Paragraphs 1 through the preceding paragraph of this

9    Counterclaim.

10        67.        The Pandora Parties' conduct, acts, and practices alleged in this Counterclaim

11    were and are in violation of the State of California's antitrust statutes, Business and Professions

12    Code Section 16700 *et seq.*

13        68.        Counterclaimant Bello Paradiso was damaged and continues to be damaged,

14    and the proximate and actual cause of these damages was the Pandora Parties' violation of the

15    State of California's antitrust statutes as alleged in this Counterclaim.

16        69.        The aforementioned acts of the Pandora Parties are continuing and, unless and

17    until restrained by order of this Court, will cause great and irreparable harm to Counterclaimant

18    Bello Paradiso.

19                    **FIFTH COUNTERCLAIM FOR RELIEF**

20                        **Unfair Competition**

21      **in Violation of California Business and Professions Code Section 17200 *et seq.***

22                  **(Against All Counterdefendants)**

23        70.        Counterclaimant incorporates and, by this reference, realleges as if set forth at

24    length each and every allegation in Paragraphs 1 through the preceding paragraph of this

25    Counterclaim.

26        71.        The aforementioned acts of the Pandora Parties constitute unfair competition

27    in violation of California Business and Professions Code Section 17200 et seq.

28

72.     Each of the Pandora Parties and their "authorized" retailers have agreed and conspired to violate Business and Professions Code Section 17200 *et seq.* to prevent the independent resale of PANDORA jewelry and the resale of the jewelry with reasonable discounts, so that they may artificially inflate the prices of PANDORA jewelry in the United States market.

73.     The aforementioned acts of the Pandora Parties are continuing and, unless and until restrained by order of this Court, will cause great and irreparable harm to Counterclaimant Bello Paradiso.

### SIXTH COUNTERCLAIM FOR RELIEF

### Declaratory Relief

### (Against All Counterdefendants)

74.     Counterclaimant incorporates and, by this reference, realleges as if set forth at length each and every allegation in Paragraphs 1 through the preceding paragraph of this Counterclaim and in the Answer and Affirmative Defenses herein.

75.     In its Complaint, Pandora US alleges that certain acts by Bello Paradiso infringe the trademark in U.S. Trademark Registration No. 3,065,374 ("Registration '374").

76.     An actual controversy exists between Bello Paradiso and Pandora US regarding the unenforceability, validity, and infringement of Registration '374.  By reason thereof, Bello Paradiso is entitled to a binding declaration clarifying the parties' rights and declaring that:

(a)     Registration '374 is invalid and should be cancelled pursuant to Sections 14(3) and 37 of the Lanham Act, 15 U.S.C. §§ 1064(3), 1119;

(b)     Bello Paradiso has not infringed Registration '374; and

(c)     Bello Paradiso may use the term PANDORA to resell PANDORA jewelry without authorization from the Pandora Parties.

77.     An actual controversy exists between Bello Paradiso and the Pandora Parties on whether they have attempted to and have acquired a monopoly in violation of Section 1 of the

1   Sherman Act and California Business and Professions Code Section 17200 *et seq*.  By reason

2   thereof, Bello Paradiso is entitled to a binding declaration clarifying the parties' rights and

3   declaring that the Pandora Parties' monopoly violates Section 1 of the Sherman Act and

4   California Business and Professions Code Section 17200 *et seq*.

5        78.        An actual controversy exists between Bello Paradiso and the Pandora Parties

6   on whether the RPM Policy is an unreasonable restraint on trade in violation of federal and

7   California anti-trust laws and whether their aforementioned conduct constitutes unfair

8   competition in violation of California law.  By reason thereof, Bello Paradiso is entitled to a

9   binding declaration clarifying the parties' rights and declaring that the Pandora Parties' RPM

10  Policy violates Section 2 of the Sherman Act and California Business and Professions Code

11  Sections 16700 *et seq*. and 17200 *et seq*.

12       79.        On information and belief, this is an exceptional case entitling Bello Paradiso

13  to an award of its attorneys fees incurred in connection with defending and prosecuting this

14  action pursuant to Lanham Act Section 35(a), 15 U.S.C. § 1117(a) for, among other things, the

15  Pandora Parties' false trademark infringement claims and allegations in furtherance of their

16  scheme to unlawfully restrain trade and drive Bello Paradiso out of the PANDORA jewelry

17  resale business.

18                          **RELIEF REQUESTED**

19       Defendant and Counterclaimant Bello Paradiso, LLC prays for judgment as follows:

20  **As to the Complaint by Plaintiff Pandora Jewelry, LLC:**

21       1.        For Plaintiff's Complaint be dismissed with prejudice;

22       2.        For attorneys fees and costs of suit incurred herein; and

23       3.        For such further relief as the Court deems just and equitable.

24  **As to the Counterclaims by Defendant Bello Paradiso, LLC:**

25       1.        For a judicial declaration that:

26       (a)       Registration '374 is cancelled pursuant to Sections 14(3) and 37 of the Lanham

27  Act, 15 U.S.C. §§ 1064(3), 1119;

28

                                                                                        20

1    (b)    Bello Paradiso has not infringed Registration '374;

2    (c)    Bello Paradiso may use the term PANDORA to resell PANDORA jewelry

3    without authorization from the Pandora Parties.

4    (d)    The Pandora Parties attempts to monopolize and acquisition of a monopoly

5    violate Section 1 of the Sherman Act and California Business and Professions Code

6    Section 17200 *et seq*.

7    (e)    The Pandora Parties' RPM Policy violates Section 2 of the Sherman Act and

8    California Business and Professions Code Sections 16700 *et seq*. and 17200 *et seq*.

9    2.    For a temporary restraining order, a preliminary injunction, and a permanent

10   injunction, enjoining the Pandora Parties from:

11   (a)    Maintaining a monopoly in violation of federal antitrust laws as set forth in the

12   First and Second Counterclaims for Relief;

13   (b)    Unreasonably restraining trade in violation of federal and California antitrust laws

14   as set forth in the Third and Fourth Counterclaims for Relief;

15   (c)    Committing unfair competition as set forth in the Fifth Counterclaim for Relief.

16   3.    For damages according to proof;

17   4.    For treble damages;

18   5.    For prejudgment interest according to proof;

19   6.    For attorneys fees and costs of suit incurred herein; and

20   7.    For such further relief as the Court deems just and equitable.

21   Respectfully submitted,

22   Date:   February 6, 2009          RANDICK O'DEA & TOOLIATOS, LLP

23

24                                /s/ Patrick E. Guevara
                             By:   _____
25                                 Patrick E. Guevara

26   Attorneys for Defendant and Counterclaimant
     BELLO PARADISO, LLC

27

28                                                                21

ANSWER AND COUNTERCLAIM OF BELLO PARADISO, LLC
TO COMPLAINT OF PANDORA JEWELRY, LLC
CASE NO.: 2:08-CV-03108-LKK-DAD
189871_7