UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PANDORA JEWELRY, LLC,

                              NO. CIV. S-08-3108 LKK/DAD

      Plaintiff,

  v.

                              O R D E R

BELLO PARADISO, LLC,

      Defendant.
_____/

AND RELATED COUNTERCLAIM
_____/

    Plaintiff has filed a motion to dismiss all of defendant's counterclaims, as well as a motion to strike defendant's state-law counterclaim under California's anti-SLAPP statute.[1]  Defendant filed a statement of non-opposition to the motion to dismiss, but opposes the motion to strike on the ground that it is now moot. Plaintiff replies that the motion is not moot because the anti-

---

[1] Cal. Code Civ. P. § 425.16.  "SLAPP is an acronym for 'strategic lawsuit against public participation.'"  Jarrow Formulas, Inc. v. La Marche, 31 Cal. 4th 728, 732 n.1 (2003).

1

SLAPP statute makes attorneys fees available, and that voluntary dismissal has no effect on the availability of fees. For the reasons stated below, plaintiff's motion is granted.

### I. BACKGROUND

Pandora Jewelry A/S is a Danish entity which manufactures a brand of charm bracelets and necklaces. Pandora Jewelry, LLC, ("Pandora US") is a United States entity that distributes these items in the United States. Pandora US is the plaintiff in this suit, and brings claims for trademark infringement, copyright infringement, and unfair competition against defendant Bello Paradiso, LLC, a California company. In general, Pandora US's claims center on the allegation that Bello Paradiso is selling purported Pandora Jewelry products in a way that implies a connection with Pandora Jewelry when no such connection exists. See, e.g., Compl. ¶ 26.

Bello Paradiso has filed a counterclaim naming Pandora US and Pandora A/S. This counterclaim names four federal causes of action and a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Bello Paradiso's UCL claim contains few specific allegations. The claim alleges that Pandora A/S and Pandora US "conspired to violate [the UCL] to prevent the independent resale of PANDORA Product and Beads and the resale of the jewelry with reasonable discounts, so that they may maintain and enhance the Pandora Parties' monopoly power in the relevant product market in the United States of America." Amended Counterclaim ("ACC") ¶ 68. Bello Paradiso also incorporates by

2

reference all general factual allegations contained in the counterclaim, alleging that these facts demonstrate violations of the UCL. ACC ¶¶ 66, 67. These general allegations demonstrate two theories of unlawful conduct. First, plaintiffs allege that "the Pandora Parties[ have] misuse[d] the PANDORA mark and [their] alleged copyrights to harass and to initiate sham litigation against Bello Paradiso in furtherance of the Pandora Parties' unlawful attempts at monopolization." ACC ¶ 2. This alleged sham litigation includes the instant suit against Bello Paradiso, ACC ¶¶ 49-50, a suit against another reseller, ¶ 39, and suit against the producer of a competing brand of jewelry, ¶¶ 23, 36. Second, Bello Paradiso alleges that contracts between the Pandora parties and authorized retailers prohibit sale of Pandora products at prices below those dictated by the Pandora parties. ACC ¶ 37.

In addition to the state-law UCL counterclaim, Bello Paradiso's other counterclaims are for violations of section 2 of the Sherman Antitrust Act (Counterclaims 1 - 3) and for declaratory judgment that a trademark registration is invalid (Counterclaim 5). These federal counterclaims are not directly at issue in the present motion.

Pandora US moves to dismiss all of counterclaims with prejudice and to strike the UCL claim as violative of California's Anti-SLAPP statute, Cal. Code Civ. Pro. § 425.16. Bello Paradiso filed a statement of non-opposition to the motion to dismiss. In addition, Bello Paradiso has also filed a Fed. R. Civ. P. 41(a)(i) notice of dismissal without prejudice of all counterclaims against

3

Pandora Jewelry A/S.[2] Bello Paradiso nonetheless opposes the anti-SLAPP motion, asserting that it has been rendered moot by the non-opposition to the dismissals. Bello Paradiso does not support this opposition with any argument, and has not addressed the merits of the anti-SLAPP motion.

## II. STANDARD FOR AN ANTI-SLAPP MOTION TO STRIKE, CAL. CODE CIV. PRO. § 425.16

California Code of Civil Procedure section 425.16 (b)(1) provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Id. Parties "sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." Verizon Del., Inc. v. Covad Communs. Co., 377 F.3d 1081, 1091 (9th Cir. 2004).[3]

---

[2] Pandora Jewelry A/S has not stated an appearance, and is not a party to Pandora US's motions.

[3] The panel in Verizon Del. held that "procedural state laws are not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure," and that certain discovery-limiting provision in California's anti-SLAPP statute gave rise to such a collision. 337 F.3d at 1091 (quoting Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 845-46 (9th Cir. 2001)) (internal modification omitted). These discovery provisions are not relevant in this case, nor is any other such collision present.

4

1    Evaluation of a "special motion to strike" brought under
2 this section therefore proceeds in two steps. Equilon
3 Enterprises v. Consumer Cause, Inc., 29 Cal. 4th 53, 67 (2002).
4 First, the moving party must make "a threshold showing that the
5 challenged cause of action is one arising from protected
6 activity," i.e., that "the act or acts of which the [non-moving
7 party] complains were taken 'in furtherance of the [movant]'s
8 right of petition or free speech under the United States or
9 California Constitution in connection with a public issue,' as
10 defined in the statute." Id. (quoting Cal. Code Civ. P. §
11 425.16(b)(1)).  Such protected activity includes:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest;
>
> (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

23 Cal. Code Civ. P. § 425.16(e).  These categories are disjunctive,
24 such that activity falling under subsections 1 or 2 is protected
25 even if it is not an issue of public interest. Briggs v. Eden
26 Council for Hope & Opportunity, 19 Cal. 4th 1106, 1117 (1999).

5

1    If this showing is made, the court moves to the second step,
2 and "determines whether the [non-moving party] has demonstrated a
3 probability of prevailing on the claim." Equilon Enterprises, 29
4 Cal. 4th at 67.  This determination is based on "the pleadings,
5 and supporting and opposing affidavits stating the facts upon
6 which the liability or defense is based."  Cal. Code Civ. P. §
7 425.16(b)(2).

> [T]he plaintiff need only have stated and substantiated a legally sufficient claim. Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.

Navellier v. Sletten, 29 Cal. 4th 82, 88-89 (2002) (internal quotations and citations omitted).  In order to "substantiate" a claim with "a prima facie showing of facts," id., a party "cannot simply rely on the allegations in its own pleadings, even if verified," and must instead present admissible evidence. Church of Scientology v. Wollersheim, 42 Cal. App. 4th 628, 656 (1996), disapproved on other grounds by Equilon Enterprises, 29 Cal. 4th at 68 n.5; see also Kreeger v. Wanland, 141 Cal. App. 4th 826, 831 (2006) (nonmoving party must present admissible evidence to satisfy the second step).  Thus, a court "should grant [an anti-SLAPP] motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." Jarrow Formulas, Inc. v. LaMarche, 31 Cal. 4th 728, 741 (2003) (quoting Wilson v.

6

Parker, Covert & Chidester, 28 Cal. 4th 811, 821 (2002)); see also Varian Medical Systems, Inc. v. Delfino, 35 Cal. 4th 180, 192 (2005) (the statute provides "a summary-judgment-like procedure"), Kyle v. Carmon, 71 Cal. App. 4th 901, 907 (1999) ("The burden on the plaintiff is similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment.").

### III. ANALYSIS

**A.  Mootness**

Bello Paradiso's sole argument in opposition to the anti-SLAPP motion is that because Bello Paradiso does not oppose the motion to dismiss the counterclaim, the motion to strike the counterclaim is moot.[4]  Pandora USA argues that it is entitled to fees in connection with this motion, such that the motion is not moot.

Cal. Code of Civil Procedure section 425.16(c) provides that "a prevailing defendant on a[n anti-SLAPP] motion to strike shall be entitled to recover his or her attorney's fees and costs." California courts of appeal agree that when a claim is dismissed after an anti-SLAPP motion is filed but before the motion is heard, the movant will sometimes, but not always, have "prevailed" within the meaning of the statute, such that fee shifting is appropriate. Pfeiffer Venice Properties v. Bernard, 101 Cal. App. 4th 211, 218 (2002), Coltrain v. Shewalter, 66 Cal.

---

[4] Bello Paradiso provides no further argument in support of its opposition, and cites no cases.

7

App. 4th 94, 107 (1998). However, California courts disagree as to how the prevailing party should be determined. Coltrain, 66 Cal. App. 4th at 107, Bernard, 101 Cal. App. 4th at 218.

In Coltrain, the court held that

> where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c). . . . [T]he critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits.

Coltrain, 66 Cal. App. 4th at 108. The Bernard court specifically rejected the conclusion that the court had discretion in this matter. Instead, it held that "the trial court is required to rule on the merits of the motion, and to award attorney fees" when the movant would have succeeded absent dismissal. 101 Cal. App. 4th at 218.

In this case, both approaches lead to the same outcome. Accordingly, this court need not decide which of these two approaches is more likely to be followed by the California Supreme Court, and therefore the better statement of California law. Wilson v. Haria & Gogri Corp., 479 F. Supp. 2d 1127 (E.D. Cal. 2007) (citing Takahashi v. Loomis Armored Car Serv., 625

8

F.2d 314, 316 (9th Cir. 1980)). Bello Paradiso has not attempted to make any showing of the type identified in Coltrain. As explained below, Bello Paradiso also fails if Bernard governs, and the court adjudicates the merits of the anti-SLAPP motion.

**B.   Protected Activity**

The first step in the merits analysis is whether Pandora USA has made "a threshold showing that the challenged cause of action is one arising from protected activity." Equilon Enterprises, 29 Cal. 4th at 67. Here, Bello Paradiso's challenged UCL claim is predicated on two types of activity. The first is the alleged sham litigation brought against Bello Paradiso and other parties, Countercl. ¶¶ 2, 23, 29, 33, 36, 39, 47-51, 54, 60, including related "harassment" such as cease and desist letters, id. ¶ 48. Filing litigation is protected activity. Cal. Code Civ. P. § 425.16(e)(1), Navellier, 29 Cal. 4th at 90. The cease and desist letters and related communications are made "in connection with" judicial proceedings, and are likewise protected. Cal. Code Civ. P. § 425.16(e)(2).

Bello Paradiso also bases its UCL counterclaim on the allegation that Pandora USA schemed to maintain minimum retail prices. Countercl. ¶¶ 34-35, 37-38, 40, 62-63. Pandora USA concedes that this alleged conduct is not protected activity. Thus, Bello Paradiso's challenged counterclaim alleges both protected and unprotected activity. In such situations, California Courts of Appeal have held that the anti-SLAPP

9

statute applies "if at least one of the underlying acts is protected conduct, unless the allegations of protected conduct are merely incidental to the unprotected activity." Salma v. Capon, 161 Cal. App. 4th 1275, 1287 (2008) (citing Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP, 133 Cal. App. 4th 658, 672 (2005)); Wang v. Wal-Mart Real Estate Business Trust, 153 Cal. App. 4th 790, 802 (2007). Here, the two types of underlying acts are independent of one another, such that the protected conduct is not incidental to the unprotected. Accordingly, Bello Paradiso's UCL counterclaim arises in part out of protected conduct. Pandora USA has therefore satisfied its burden under the first part of the anti-SLAPP analysis.

**C.   Probability of Success on the Counterclaim**

Under the second step in the analysis, Bello Paradiso bears the burden of showing at least a minimal probability of success on its counterclaim, including a "prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Navellier, 29 Cal. 4th at 88-89. To make this prima facie showing, Bello Paradiso must provide some admissible evidence. Kreeger, 141 Cal. App. 4th at 831. Here, Bello Paradiso has not offered any evidence or argument in support of the merits of its claims. C.f. Jarrow Formulas, 31 Cal. 4th at 741. Bello Paradiso has therefore failed to carry its burden under the second step.

////

**D.     Remaining Arguments**

Bello Pardiso's mistaken belief that the dismissals rendered this motion moot does not excuse the failure to provide such evidence.  This is particularly so in this case, where Pandora USA's opening memorandum explicitly argued that dismissal would not render the anti-SLAPP motion moot, although the court acknowledges that this argument could have been made more obvious.  Pl.'s Mem. Supp. Mot. Strike, p. 7 n.4 (quoting Moraga-Orinda Fire Protection Dist. v. Weir, 115 Cal. App. 4th 477, 480 (2004)).

At oral argument on this matter, Bello Paradiso argued that the anti-SLAPP statute was enacted with the purpose of preventing powerful interests from filing lawsuits aimed at quelling public participation, and that the present motion shares little in common with this prototypical case.  Bello Paradiso is correct on both points.  Nonetheless, the instant motion is well within the plain terms of the statute, and the statute itself provides that these terms "shall be construed broadly."  Cal. Code Civ. P. § 425.16(a).  The California Supreme Court has refused to limit application the anti-SLAPP statute to cases that were its primary objects.  Jarrow Formulas, 31 Cal. 4th at 735.  No such limitation may be recognized here.

**IV. CONCLUSION**

Accordingly, this court ORDERS as follows:

1.    Plaintiff's motion to dismiss, Doc. No. 39, is

11

1         GRANTED.
2    2.   Defendant's counterclaims against Pandora Jewelry US
3         are DISMISSED WITH PREJUDICE.
4    3.   Plaintiff's motion to strike, Doc. No. 38, is
5         GRANTED.
6    4.   Plaintiff SHALL file an affidavit detailing the costs
7         incurred in connection with the filing of the motion
8         to strike within ten days of the filing of this
9         order.
10   5.   Defendant MAY file an affidavit in response no later
11        than ten days after the above affidavit is filed.
12   IT IS SO ORDERED.
13   DATED: June 30, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12