UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PANDORA JEWELRY, LLC,

                                NO. CIV. S-08-3108 LKK/DAD

       Plaintiff,

  v.

                              O R D E R

BELLO PARADISO, LLC,

       Defendant.
_____/

AND RELATED COUNTERCLAIM
_____/

    In this action, defendant Bello Paradiso filed various counterclaims against plaintiff Pandora Jewelry, LLC. On July 1, 2009, this court issued an order granting, inter alia, Pandora Jewelry's special motion to strike Bello Paradiso's sole state-law counterclaim under California's anti-SLAPP statute, California Code of Civil Procedure section 425.16 (b)(1). The July 1, 2009 order further awarded fees to Pandora Jewelry. Pursuant to that order, Bello Paradiso filed objections to Pandora Jewelry's statement of fees. Bello Paradiso objects to this court's decision to award

1

fees at all, to the award of more than nominal fees, and to the particular hourly rates and numbers of hours claimed by Pandora Jewelry's counsel. Insofar as Bello Pardiso challenges this decision to award fees, this court treats this objection as a timely motion for reconsideration under Fed. R. Civ. P. 59(e).

## I. BACKGROUND

Pandora Jewelry brings various claims centering on the allegation that Bello Paradiso is selling purported Pandora Jewelry products in a way that implies a connection with Pandora Jewelry when no such connection exists. See, e.g., Compl. ¶ 26. Bello Paradiso filed a counterclaim naming four federal causes of action and a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

On May 19, 2009, Pandora Jewelry filed two motions: a motion to dismiss all of the counterclaims with prejudice and a motion to strike the UCL claim as violative of California's Anti-SLAPP statute. In the memorandum supporting the anti-SLAPP motion Pandora Jewelry specifically argued that granting the motion to dismiss would "not moot a fee request under the SLAPP statute." Def.'s Mem. Supp. Mot. Strike 7 n.4 (quoting Moraga-Orinda Fire Protection Dist. v. Weir, 115 Cal. App. 4th 477, 480 (2004)). Bello Paradiso responded with a statement of non-opposition to the motion to dismiss. Bello Paradiso opposed the anti-SLAPP motion, asserting without argument that the non-opposition to the motion to dismiss rendered the anti-SLAPP motion moot. Pandora Jewelry replied with a renewed argument that a fee request was appropriate

1  notwithstanding the non-opposition to the motion to dismiss.
2      On July 1, 2009, this court issued an order granting the anti-
3  SLAPP motion. Despite Bello Paradiso's failure to offer argument
4  on the issue, the court conducted an independent examination of
5  California's anti-SLAPP law, concluding that the court was
6  compelled to interpret the statute as covering this case. <u>Id.</u> at
7  11. The court ordered Pandora Jewelry to provide an affidavit
8  detailing costs incurred within ten days, and permitted Bello
9  Paradiso to file an affidavit in response.

## II.  RECONSIDERATION

**A.  Standard for A Motion for Reconsideration**

12     Although motions to reconsider are directed to the sound
13 discretion of the court, <u>see</u> <u>Kern-Tulare Water Dist. v. City of</u>
14 <u>Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), <u>aff'd in part</u>
15 <u>and rev'd in part on other grounds</u>, 828 F.2d 514 (9th Cir. 1987),
16 considerations of judicial economy weigh heavily in the process.
17 Thus, Local Rule 78-230(k) requires that a party seeking
18 reconsideration of a district court's order must brief the "new or
19 different facts or circumstances which . . . were not shown upon
20 such prior motion, or what other grounds exist for the motion," as
21 well as "why the facts or circumstances were not shown at the time
22 of the prior motion." Generally speaking, before reconsideration
23 may be granted there must be a change in the controlling law or
24 facts, the need to correct a clear error, or the need to prevent
25 manifest injustice. <u>See</u> <u>Alexander</u>, 106 F.3d at 876; <u>see also</u> <u>Sch.</u>
26 <u>Dist. No. 1J, Multnomah County, Oregon v. AC&S, Inc.</u>, 5 F.3d 1255,

1263 (9th Cir. 1993); <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 807 (9th Cir. 2003).  "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration.  See <u>Fay Corp. v. BAT Holdings One, Inc.</u>, 651 F. Supp. 307, 309 (W.D. Wash. 1987), <u>aff'd</u>, 896 F.2d 1227 (9th Cir. 1990).  These relatively restrictive standards "reflect [ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." <u>Costello</u>, 765 F. Supp. at 1009.

**B.   Analysis of Whether Pandora Jewelry Was The "Prevailing Party"**

Cal. Code of Civil Procedure section 425.16(c) provides that "a prevailing defendant on a[n anti-SLAPP] motion to strike shall be entitled to recover his or her attorney's fees and costs."  This court's prior order concluded that Pandora Jewelry was the "prevailing party" for purposes of the anti-SLAPP motion, notwithstanding Bello Paradio's non-opposition to dismissal of Bello Paradiso's state law claim, pursuant to <u>Pfeiffer Venice Properties v. Bernard</u>, 101 Cal. App. 4th 211, 218 (2002) and <u>Coltrain v. Shewalter</u>, 66 Cal. App. 4th 94, 107 (1998).  In objecting to the fee award, Bello Paradiso asks that this court re-evaluate this decision in consideration of <u>Moran v. Endres</u>, 135 Cal. App. 4th 952 (2006).

In <u>Moran</u>, defendants brought an anti-SLAPP motion as to eleven different causes of action.  The motion was granted only as to a civil conspiracy claim, which was struck on the ground that under California law, "conspiracy is not a cause of action." <u>Id.</u> at 954. Defendants then sought an award of fees, which the trial court

4

denied. Id. The California Court of Appeal affirmed the denial of fees. The court noted that although the anti-SLAPP motion was granted in part,

> the possible recovery against defendants . . . the factual allegations which defendants had to defend . . . the work involved in trying the case . . . [and] Defendants' burden concerning their jurisdictional defense [all] did not change. The results of the motion were minimal and insignificant, fully justifying the court's finding that defendants should not recover fees.

Id. "[W]hen a defendant cannot in any realistic sense be said to have been successful, fees need not be awarded. Defendants here sought to dismiss the case against them, but instead obtained a ruling which in every practical sense meant nothing." Id. at 956. Justice Mosk, concurring, reiterated that the California Supreme Court has stated that when an anti-SLAPP motion "was successful, attorney fees were mandatory under Code of Civil Procedure section 425.16, subdivision (c)." Id. (quoting Ketchum v. Moses, 24 Cal. 4th 1122, 1141-42 (2001)). However, Justice Mosk analogized to the U.S. Supreme Court's interpretation of 42 U.S.C. section 1988, which provides that a party prevails if it "succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (emphasis in Moran).

Bello Paradiso argues that the anti-SLAPP motion here, like that in Moran, had no significant effects, because the same result was achieved by the Fed. R. Civ. P. 12(b)(6) motion. At the outset, the court notes that the standard for evaluating an anti-

5

SLAPP motion differs from the 12(b)(6) standard, primarily in that the anti-SLAPP motion requires production of evidence to support the claims.[1]  See <u>Hilton v. Hallmark Cards</u>, No. 8-55443, ___ F.3d ___, Slip. Op. at 12120-21 (9th Cir. Aug. 31, 2009) (noting that "a Rule 12(b)(6) motion to dismiss may succeed where an anti-SLAPP motion to strike would not," and that "[t]he converse is also true.").  Because Bello Paradiso elected not to oppose the 12(b)(6) motion, this court did not determine whether that motion, if opposed, also would have secured the relief Pandora Jewelry sought.

Of course, the filing of the 12(b)(6) motion prompted Bello Paradiso to file a statement of non-opposition, which effectively voluntarily withdrew Bello Paradiso's counterclaims.  Under Bello Pardiso's interpretation of <u>Moran</u>, voluntary dismissal of a claim after an anti-SLAPP motion was filed would automatically preclude an award of attorneys fees under the anti-SLAPP statute, because in all such cases, the motion would no longer have any significant effects.  The California Court of Appeals decisions in <u>Bernard</u> and <u>Coltrain</u>, which this court discussed in its prior order, both

---

[1] Bello Paradiso also argues that imposing the anti-SLAPP standard, rather than the 12(b)(6) standard, effectively imposed a heightened pleading standard on Bello Paradiso's federal antitrust claims.  Bello Paradiso's California Unfair Competition Law claim, which was the subject of the anti-SLAPP motion, was predicated on a violation of federal antitrust law.  Therefore, in determining whether Bello Paradiso has provided "some admissible evidence" for the UCL counterclaim, the court inquired into whether Bello Paradiso had provided any evidence for the federal antitrust claim.  However, Bello Paradiso wrongly assumes that the federal claim itself could have been, or was, dismissed on anti-SLAPP grounds.  Instead, this court only applied this standard to the state-law claim.  See <u>Verizon Del., Inc. v. Covad Communs. Co.</u>, 377 F.3d 1081, 1091 (9th Cir. 2004).

6

considered cases in which claims were withdrawn after the filing of an anti-SLAPP motion, and explain why withdrawal of a claim cannot provide a basis for denial of anti-SLAPP fees. <u>Bernarnd</u> and <u>Coltrain</u> note that the rule Bello Paradiso advocates would allow SLAPP plaintiffs to chill the exercise of First Amendment rights by filing meritless claims that force the defendant to incur the costs of filing an anti-SLAPP motion or other response, while plaintiff would evade the statutorily-imposed penalty meant to deter this chilling behavior. <u>Bernard</u>, 101 Cal. App. 4th. at 218, <u>Coltrain</u>, 66 Cal. App. 4th at 106-07; <u>see also</u> <u>Liu v. Moore</u>, 69 Cal. App. 4th 745, 752 (1999). In contrast, this danger was not present in <u>Moran</u>, where it was determined that the underlying claims had merit, and thus no award of fees was necessary to the statutory purpose of deterring meritless claims brought to chill First Amendment conduct.

As noted in this court's prior order, the purpose underlying the enactment of the anti-SLAPP statute was to prevent powerful interests from filing lawsuits aimed at quelling public participation, and that the instant suit does not squarely fit that mold. Nonetheless, the California Supreme Court has refused to limit application the anti-SLAPP statute to cases that were its primary objects. <u>Jarrow Formulas, Inc. v. LaMarche</u>, 31 Cal. 4th 728, 735 (2003).

Moreover, even if this court were inclined to disregard the California Supreme Court's instruction regarding California law, it is not clear that the instant counterclaim is as far outside the

7

statute's motivating scope as Bello Paridiso implies. Bello Paradiso filed a state law counterclaim that argued, in part, that activity potentially protected by the First Amendment was unlawful. Bello Paradiso has not offered anything to indicate that the purpose of this counterclaim was anything other than impermissible deterrence of the potentially protected activity. Instead, Bello Paradiso immediately agreed to dismissal of this claim, and has not offered anything to indicate that it did so for a reason other than a recognition of the fact that the claim was meritless. Accordingly, while the court reiterates that California law requires the anti-SLAPP statute to be broadly applied to cases other than those at the core of the statute, the court notes that the claim and behavior at issue, if not the parties, appears to be one of the objects motivating the statute.

### III. CHALLENGE TO THE AMOUNT OF FEES

**A.   Whether Only Nominal Fees Are Appropriate**

Bello Paradiso separately argues that if fees are awarded, the award should be nominal. Bello Paradiso provides no authority for this proposition, and the court is not aware of any. Nor does it appear that an award of nominal fees would comport with the purposes underlying the statute any more than would a denial of fees altogether.

**B.   Whether Pandora Jewelry's Fees Are Excessive**

The anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special

8

motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." Cal. Code. Civ. Pro. § 425.16(c). Although the statute only refers to the reasonableness of the non-moving party's fees, California courts have held that any request for fees under this section must be reasonable. Robertson v. Rodriguez, 36 Cal. App. 4th 347, 361 (1995); see also Ketchum v. Moses, 24 Cal. 4th 1122, 1137 (2001) (quoting Serrano v. Unruh, 32 Cal. 3d 621, 635 (1982)). In calculating fee awards under this statute, courts have found it appropriate to use the lodestar method. Ketchum, 24 Cal. 4th at 1131, 1136.

Under this method, courts multiply the reasonable number of hours worked by a reasonable hourly rate. Courts may reduce fee amounts when the court concludes that either the number of hours worked or the hourly rate is unreasonable. See, e.g., Maughan v. Google Technology, Inc., 143 Cal. App. 4th 1242, 1249, 1253 (2006) (concluding that while defendant claimed 200 hours of work on an anti-SLAPP motion, only 50 hours were reasonable, and thereby awarding $21,250 in fees when $98,120.40 was requested). Having reviewed the affidavit submitted on behalf of Pandora Jewelry, the court concludes that the number of hours worked is reasonable. In particular, although Bello Paradiso claims that the time spent preparing for the hearing was devoted at least in part to the motion to dismiss, Bello Paradiso had already stated its non-opposition to that motion, such that the only dispute, and thus the

9

only preparation, concerned the anti-SLAPP motion.

However, the court concludes that the hourly rates provided counsel for Pandora Jewelry are unreasonable. Under California law, as under most federal statutes, the lodestar is the "basic fee for comparable legal services in the community." Ketchum, 24 Cal. 4th at 1132. Here, the community is Sacramento, California, and nothing indicates that local counsel are incapable of performing comparable anti-SLAPP services. Accordingly, the court finds that reasonable hourly rates are as follows:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Schaefer, John (Partner) | $300 | 4.5 | $1350 |
| Hansen, William (Partner) | $300 | 1.3 | $390 |
| Grant, Jeffry (8 year associate) | $225 | 21.9 | $4927.5 |
| Morales, Suzanna (4 year associate) | $225 | 0.4 | $90 |
| Total: | | | $6757.5 |

See Cal. Pro-Life Council, Inc. v. Randolph, No. S-00-1698, 2008 U.S. Dist. LEXIS 80256 (E.D. Cal. Sept. 30, 2008), Wilson v. Haria & Gogri Corp., 2007 U.S. Dist. LEXIS 47519 (E.D. Cal. June 20, 2007), Calif. State Outdoor Advertising Assoc. Inc. v. State of Calif., 2006 WL 662747 *11 (E.D. Cal. 2006).

**IV. CONCLUSION**

It is therefore ORDERED that plaintiff Pandora Jewelry's motion for attorneys' fees is GRANTED in the total sum of $6757.5.

IT IS SO ORDERED.

DATED: September 3, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

10