FILED
NOV 19 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO OFFICE

| | |
|---|---|
| PANDORA JEWELRY, LLC, a Maryland limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BELLO PARADISO, LLC, a California limited liability company, and DOES 1-50<br><br>Defendants.<br><br>And Related Counterclaims. | Case No.  2:08-cv-03108-LKK-DAD<br><br>**STIPULATED PROTECTIVE ORDER** |

**WHEREAS,** the parties recognize that pursuant to discovery or otherwise during the course of this action, each party as well as non-parties may be required to disclose trade secrets or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS,** the parties have, through counsel, stipulated to entry of this Protective Order ("Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information.

**IT IS HEREBY STIPULATED AND ORDERED** that the following provisions of this Order shall control the disclosure, dissemination, and use of information in this action:

1. (a) The term "Confidential Information" as used in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses trade secrets or other proprietary research, development, marketing, technical, financial, personal, or commercial information that the designating party has maintained in confidence or is under an obligation to maintain in confidence, and highly sensitive business information concerning product sales, volumes, revenues, profits, costs, margins, customers, sources, customer-specific marketing strategies, licensing information, trade secrets or sensitive technical information or market and competitive analyses. Confidential Information may be contained in discovery produced or obtained in this action. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, summaries, analyses, or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

(b) The term "Attorneys' Eyes Only Information" as used in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses competitively sensitive information such as customer-specific marketing strategies, research and development information, market and competitive analyses, and financial information relating to the profitability of each party's respective business. If the parties are unable to come to an agreement as to the treatment of the information, the receiving party may apply to the Court for relief. Attorneys' Eyes Only Information includes all information, documents and things referring or relating to the foregoing, including but not limited to copies, recordings, abstracts, excerpts, summaries, and analyses of the foregoing.

2. **Designation of Discovery Materials as Confidential or Attorneys' Eyes Only.** All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition

testimony and deposition exhibits shall be subject to this Order concerning Confidential or Attorneys' Eyes Only Information, as set forth below:

(a) The designation of Confidential Information or Attorneys' Eyes Only Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," which may be abbreviated to "CONFIDENTIAL-AEO." One who provides material may designate it as Confidential or Attorneys' Eyes Only as provided for in Paragraph 1. Except for documents produced for inspection at the party's facilities, the designation of Confidential or Attorneys' Eyes Only Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing Confidential or Attorneys' Eyes Only Information will then be marked as such after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential or Attorneys' Eyes Only documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed Confidential or Attorneys' Eyes Only only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as Confidential or Attorneys' Eyes Only as described above, shall also be deemed to be designated as Confidential or Attorneys' Eyes only.

(c) Information or documents designated as Confidential or Attorneys' Eyes Only under this Order shall not be used or disclosed by the parties or counsel for the parties or any

persons identified in subparagraph (d) below for any purposed whatsoever other than preparing for and conducting the litigation in this Action (including appeals).

(d)   The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential and Attorneys' Eyes Only under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)   Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee of counsel to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence. As used in this paragraph, "counsel" shall include attorneys who are employees of a party and outside counsel for the parties. No such counsel shall disclose Attorneys' Eyes Only information to his or her client and/or employer and/or any other employee or representative of his or her client.

(ii)   Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iii)   Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained by the parties or counsel who are not employees of the party, and insurance carrier representatives for the parties, for assistance in the preparation and trial of the lawsuit. Prior to disclosure to any expert or insurance carrier representative, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence. Said experts and insurance company representatives shall not disclose the documents or information to any

persons who have not agreed in writing to be subject to this Order.

(e) Until or unless the court rules that anything designated as Attorneys' Eyes Only is not properly designated or should be disclosed beyond the limits permitted in this Order, Attorneys' Eyes Only Information shall be disclosed only to those persons identified in paragraphs 2(d)(i), (ii) and (iii).

(f) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(g) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential or Attorneys' Eyes Only under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if that word does not already appear.

3. **Confidential Information Filed with Court.** To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous motion pursuant to L.R. 39-141 (hereinafter the "Interim Sealing Motion"). Even if the filing party believes that the materials subject to the Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶7 of this Order.

4. **Designation or Redesignation of Documents Following Disclosure.** The inadvertent failure of any part to designate a document as "Confidential Information" or "Attorneys' Eyes Only Information" prior to production of a document shall not be deemed a

waiver of confidentiality. A party may, subsequent to production, designate a document as "Confidential Information" or "Attorneys' Eyes Only Information" and such document shall be considered so designated as of the time of the designation. All subsequent use of the document shall be subject to the terms of this Order in accordance with the designation provided, and all parties shall cooperate in the designation and/or redesignation of the document and all copies thereof.

5. **Documents and Information Identifying Current Suppliers of Pandora Jewelry to Defendant.** All information that defendant reasonably and in good faith believes discloses its current United States suppliers of Pandora products may be designated by defendant as "Litigation Purposes Only" and shall not be used by plaintiff or by its counsel for any purpose other than for the purposes of this litigation. This provision of the order shall remain in effect absent any subsequent contrary order of the Court. The other provisions of this Order, including those with respect to the designation and redesignation of documents and information, in Paragraphs 2 through 4 above, and with respect to challenging the designation of the documents pursuant to Paragraph 7 below, and with respect to the return of documents pursuant to Paragraph 8 below, shall apply to the designation of documents and information as "Litigation Purposes Only" pursuant to this paragraph. Defendant may also designate documents and information which it designates as "Litigation Purposes Only" pursuant to this paragraph as "Confidential" pursuant to Paragraphs 1(a) and 2, above.

6. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by Paragraphs 1 and 5 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

7. **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. Prior to challenging the designation of confidentiality, counsel for the party challenging the designation shall personally meet and confer with the designating party's counsel in a good faith effort to resolve the matter informally. Until the motion is resolved by the Court, the designation applied by the designating party shall apply.

8. **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Dated: November 18, 2009                         LATHROP & GAGE LLP

                                                 By:_____/s/_____
                                                    John Shaeffer
                                                    Attorneys for Plaintiff Pandora
                                                    Jewelry, LLC

Dated: November 18, 2009                         MICHEL & FACKLER

                                                 By:_____/s/_____
                                                    Jeff Fackler
                                                    Attorneys for Defendant Bello
                                                    Paradiso, LLC

IT IS SO ORDERED.

Dated: November 18, 2009                         _____
                                                 DALE A. DROZD
                                                 UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil.pandora3108.stip.protord